UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL MCGRATH, Jr., : : Plaintiff, : : v. : : C.O. BENTON, et al., : : Defendants. : : | Civ. No. 23-13006 (RBK) (MJS)  **MEMORANDUM & ORDER** |

    Plaintiff is a federal prisoner incarcerated at F.C.I. Fairton in Fairton, New Jersey. Plaintiff is proceeding *pro se* with a civil complaint and seeks *in forma pauperis* status. As set forth below, Plaintiff's application to proceed *in forma pauperis* is denied without prejudice and this matter shall be administratively terminated.

    A prisoner who seeks to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). The prisoner must also submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.*; *see also* L. Civ. R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a civil rights complaint . . . the prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.").

Even if a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee of $350.00. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20 % of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b). If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury.  *See id.* § 1915(g).

In this case, Plaintiff has not paid the filing fee. Furthermore, his *in forma pauperis* application is incomplete. Indeed, it is missing page 2 of the form which asks for necessary information from Plaintiff to help this Court decide whether he is entitled to *in forma pauperis* status. Thus, Plaintiff's application to proceed *in forma pauperis* is denied without prejudice.

Plaintiff's failure to submit the filing fee or a complete application to proceed *in forma pauperis* also necessitates administratively terminating this matter. Plaintiff may reopen this action by either paying the filing fee or submitting a complete *in forma pauperis* application.

Accordingly, IT IS on this 5th day of September, 2023,

ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF 1-9 & 1-10) is denied without prejudice; and it is further

ORDERED that the Clerk shall administratively terminate this case; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar provided the original complaint was timely; and it is further

ORDERED that Plaintiff may have the above-entitled case reopened, if, within thirty (30) days of the date of the entry of this order, Plaintiff either pre-pays the $402 filing fee ($350 filing fee plus $52 administrative fee) or submits to the Clerk a complete *in forma pauperis* application; and it is further

ORDERED that upon receipt of a writing from Plaintiff stating that he wishes to reopen this case and a complete *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

ORDERED that the Clerk shall serve on Plaintiff by regular U.S. mail: (1) this memorandum and order; and (2) a blank form application to proceed *in forma pauperis* by a prisoner in a civil rights case.

                                                                            s/ Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                            United States District Judge